# EXHIBIT A

# Supreme Court of the State of New York
# Appellate Division: Second Judicial Department

D62637
T/afa

\_\_\_\_\_AD3d_____  Argued - December 10, 2019

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.

2016-03720  DECISION & ORDER

The People, etc., respondent,
v Bertrand Henry, appellant.

(Ind. No. 7388/13)

Paul Skip Laisure, New York, NY (Hannah Kon of counsel), for appellant.

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Diane R. Eisner of counsel), for respondent.

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), rendered April 4, 2016, convicting him of rape in the first degree (two counts), rape in the second degree (five counts), and criminal sexual act in the first degree (two counts), upon a jury verdict, and sentencing him to consecutive determinate terms of imprisonment of 25 years on each count of rape in the first degree and criminal sexual act in the first degree and 7 years on each count of rape in the second degree.

ORDERED that the judgment is modified, as a matter of discretion in the interest of justice, by providing that all terms of imprisonment shall run concurrently with each other; as so modified, the judgment is affirmed.

The defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see* CPL 470.05[2]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15[5]; *People v Danielson*, 9 NY3d 342), we nevertheless accord great deference to the jury's opportunity to view

May 6, 2020  Page 1.

PEOPLE v HENRY, BERTRAND

the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410; *People v Bleakley*, 69 NY2d 490, 495). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633).

The defendant's contention that the indictment failed to provide him with fair notice of the charges is unpreserved for appellate review (*see People v Iannone*, 45 NY2d 589, 600; *People v Lewis*, 283 AD2d 442). In any event, the time periods alleged in the indictment as to when the subject crimes occurred were sufficiently specific to provide the defendant with fair notice of the charges (*see People v Lang*, __ NY3d __, __, 2019 NY Slip Op 08545, *10; *Matter of Qin Fen Wang v Chee Kiang Foo*, 171 AD3d 1187, 1188; *People v Cruz*, 127 AD3d 987).

Contrary to the defendant's contention, testimony of the complainant's mother as to when the complainant first reported the defendant's conduct was properly admitted for the relevant, nonhearsay purpose of completing the narrative of events leading to the defendant's arrest (*see People v Israel*, 161 AD3d 1195; *People v Jimenez*, 148 AD3d 1054, 1055; *People v Genao*, 145 AD3d 739).

The defendant's contention that he was deprived of a fair trial by the admission into evidence of a particular recorded conversation is unpreserved for appellate review (*see* CPL 470.05[2]), and, in any event, without merit.

The sentence imposed was excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80).

The defendant's remaining contentions are without merit.

RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.

ENTER:

*Aprilanne Agostino*
Aprilanne Agostino
Clerk of the Court